# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**DARNELL REEVES,**                                    **CASE NO. 2:07-cv-604**
                                                       **JUDGE MARBLEY**
        **Petitioner,**               **MAGISTRATE JUDGE ABEL**

**v.**

**ERNIE MOORE, Warden,**

        **Respondent.**


## OPINION AND ORDER

On June 2, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner objects to all of the Magistrate Judge's recommendations and again raises all of the same arguments he previously presented. Petitioner objects to the Magistrate Judge's conclusion that his claim of ineffective assistance of counsel based upon trial counsel's alleged failure to advise him of his right to testify is procedurally defaulted. According to petitioner, he preserved such claim for federal habeas corpus review by raising such claim in his application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). However, only claims of ineffective assistance of appellate counsel are properly

raised in an application under Ohio's Rule 26(B). Further, as noted by the Magistrate Judge, trial counsel's alleged failure to advise him of his right to testify is a claim which is not readily apparent from the face of the record, and therefore would properly be raised in a petition for post conviction relief pursuant to O.R.C. §2953.21; however, petitioner failed to raise this claim in post conviction proceedings and the record does not indicate that he can meet the requirements for filing a delayed and successive post conviction petition. *See* O.R.C. §2953.23. Further, although petitioner asserted the ineffective assistance of appellate counsel due to his attorney's failure to raise on direct appeal an issue regarding trial counsel's failure to advise him of his right to testify in Rule 26(B) proceedings, the state appellate court rejected such claim on the basis that appellate counsel was not required to raise such off-the-record issue on direct appeal. *See Exhibit 11 to Return of Writ.* This Court agrees that appellate counsel did not perform in a constitutionally ineffective manner under *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to raise such claim on direct appeal.

Citing *Turney v. Ohio*, 273 U.S. 510 (1927), petitioner also contends that the Magistrate Judge erred in concluding that the ineffective assistance of appellate counsel did not constitute cause for petitioner's procedural default of his on-the-record claim of ineffective assistance of trial counsel due to counsel's failure to object to the prosecutor's allegedly improper comment in opening statements, because the prosecutor's comment constituted a structural error. This argument is not well taken. *Turney v. Ohio, supra,* involved a judge's financial interest in convicting the defendant. *See id.,* at 532; *Paradis v.*

*Arave,* 20 F.3d 950, 958 (9th Cir. 1994), citing *Turney v. Ohio, supra.*   Such scenario is inapplicable here.

Finally, petitioner also now asserts, as cause for his procedural default of claim two, in which he asserts that he was denied the effective assistance of counsel due to a conflict of interest, that he did not learn that trial and appellate counsel worked out of the same law firm until after he had exhausted state remedies.

> "'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him [;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)

*Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003).

Here, the record reflects that petitioner was represented by attorney Brian Rigg at trial and by attorney Donald Schumacher on direct appeal.  *See Exhibits to Petition.*  Letters dated October 14, 2005 and November 11, 2005 from counsel indicate that both attorneys had the same address and phone numbers.  *See id.*  In view of the foregoing, petitioner would have been on notice that trial and appellate counsel may have worked out of the same law office.  Petitioner does not offer any explanation as to why it took him until after the Ohio Supreme Court's May 2, 2007 dismissal of his Rule 26(B) application to discover that his attorneys worked out of the same office, or in what manner he came to learn about the issue.

In any event, assuming *arguendo*, that petitioner can establish cause for his failure

to present this conflict of interest claim to the state courts, he cannot establish prejudice, as such claim lacks merit.

> Defense attorneys owe their clients a duty of loyalty, including the duty to avoid conflicts of interest. *Strickland v. Washington,* 466 U.S. 668, 688 (1984) ( *citing to Cuyler v. Sullivan,* 446 U.S. 335, 346 (1980)). However, a claim of a conflict of interest, by itself, is insufficient to justify reversal of a conviction. *Reedus v. Stegall,* 197 F.Supp.2d 767, 782 (E.D.Mich .2001) (citing to *United States v. Hall,* 200 F.3d 962, 966 (6th Cir.2000); additional citations omitted). Instead, a habeas petitioner must demonstrate "that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.' " *Reedus,* 197 F.Supp.2d at 782 (citing to *Strickland,* 466 U.S. at 692); *See also Mickens v. Taylor,* 535 U.S. 162 (2002)(actual conflict of interest, for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance).

*Whiting v. Burt,* 395 F.3d 602, 617 (6th Cir.2005). Prejudice is presumed where a defendant demonstrates that an actual conflict of interest that compromised the attorney's ability to advocate the defendant's interests. *Id.,* citing *Olden v. United States,* 224 F.3d 561, 565 (6th Cir.2000); *see also Gillard v. Mitchell, supra,* 445 F.3d at 890 (citations omitted). However,

> [t]he presumed prejudice standard for ineffectiveness claims based on a conflict of interest detailed in *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), is inapplicable to cases of successive representations. *Lordi,* 384 F.3d at 193. *See also Smith v. Hofbauer,* 312 F.3d 809, 817 (6th Cir.2002)(refusing to extend *Sullivan* to an ineffective assistance of counsel claim based on an attorney's conflict of interest arising from anything other than joint representation), *cert. denied,* 540 U.S. 971, 124 S.Ct. 441, 157 L.Ed.2d 319 (2003); *Benge v. Johnson,* 312 F.Supp.2d 978, 994 (S.D.Ohio 2004)(refusing to apply the *Sullivan* standard outside the concurrent joint representation context).

*Whiting v. Burt, supra*, 395 F.3d at 618.

Further, petitioner cannot establish prejudice. Appellate counsel did assert a claim of ineffective assistance of trial counsel on direct appeal. Moreover, for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's claim of ineffective assistance of counsel due to his attorney's failure to object to the prosecutor's allegedly improper comment during opening statement lacks merit under the two-prong test of *Strickland.*

Pursuant to 28 U.S.C. §626(b)(1) this Court has conducted a *de novo* review of the *Report and Recommendation.* For the foregoing reasons and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

**IT IS SO ORDERED**.

  s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge